IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSSELINE CAZUN-MENENDEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01233-N (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil rights action brought by Plaintiff Josseline Cazun-Menendez, an inmate in the Bureau of Prisons at Aliceville Federal Correctional Institution in Aliceville, Alabama. On May 18, 2021, the Court received Cazun-Menendez's "Motion for Hardship Credit for Hard Time Served" (ECF No. 1). The Court construed Cazun-Menendez's motion as a petition under 28 U.S.C. § 2241, dismissed it without prejudice for lack of jurisdiction, and severed out the civil rights claims to open this case. Ord. (ECF No. 4). Cazun-Menendez did not file her complaint in compliance with Federal Rule of Civil Procedure 8(a). She also did not pay the filing fee or file a motion to proceed *in forma pauperis*, and her civil rights pleadings were not on the appropriate form. Accordingly, on June 1, 2021, the Court sent Cazun-Menendez a Notice of Deficiency and Order (ECF No. 5), which ordered her to pay the filing fee or file a motion to proceed *in forma pauperis*, file her complaint in compliance with Rule 8(a), and submit her claims on the court-approved form. The Order informed Cazun-Menendez that failure to

respond and cure the deficiencies by July 1, 2021 could result in a recommendation that her case be dismissed. Cazun-Menendez failed to comply with the Court's order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Cazun-Menendez has failed to comply with the Court's order to either pay the filing fee or file a motion to proceed *in forma pauperis*, file her complaint in compliance with Rule 8(a), and submit her claims on the court-approved form. This litigation cannot proceed until she cures these deficiencies. Cazun-Menendez has failed to prosecute her lawsuit and also failed to comply with a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Cazun-Menendez's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed July 2, 2021.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).